## In re Bennington et ux.

*James J. Logan,* for petitioners; *George Hay Kain,* for respondent.

NILES, P. J., June 17, 1932.—George W. Bennington and Lillie M. Bennington, his wife, on April 29, 1932, executed and delivered a deed of voluntary assignment for the benefit of their creditors, which was duly recorded April 30, 1932. The assignors are laborers. At the time of the assignment the assignors conveyed two pieces of real estate, with improvements thereon, to the assignees. The York Trust Company holds a mortgage against all of assignors' real estate; and also two other mortgages for $1000 each, covering the same real estate. There are no other liens against the properties of prior standing to the three mortgages of the York Trust Company. The York Trust Company obtained a judgment on a sci. fa. on its first mortgage.

On May 31, 1932, a petition was presented by the assignees, upon which a rule was granted to show cause why the prayer thereof for a stay of proceedings should not be granted. The York Trust Company filed an answer June 6, 1932, by which the objection is made that under the circumstances revealed by the petition and answer and testimony taken in open court, there is no legal authority therefor.

The objections raised on behalf of the York Trust Company are valid. The nineteenth section of the Act of June 4, 1901, P. L. 404, relating to insolvency, provides: "Executions issued on such liens or claims may be stayed by the court to enable the property to be sold by the assignee or receiver." The liens referred to in the context are such as would be discharged by a judicial sale. The first mortgage would not be discharged by a judicial sale, according to the Act of April 30, 1929, P. L. 874; therefore, the provision in regard to stay of executions does not apply.

This view of the case makes it unnecessary to consider the allegations and the evidence regarding the advantage of a sale by the assignee rather than by the sheriff.

And now, June 17, 1932, the prayer of the petition filed May 31, 1932, is refused, and the rule granted thereon is discharged.